THE ROBINSON CLAY PRODUCT COMPANY, Respondent, *v.* THE AMERICAN LOCOMOTIVE COMPANY, Appellant.

(Supreme Court, Appellate Term, November, 1907.)

Sales — Delivery — Necessity and time for delivery — Time of delivery — Earliest possible delivery: Remedies of seller—Action for price—Sufficiency of evidence.

Where a contract for the sale of goods specifies a date for delivery, they must be delivered on that day, and, in case of failure, the purchaser may refuse to accept a subsequent tender, and ordinarily where no specific time for delivery is mentioned delivery must be made within reasonable time after the making of the contract.

What constitutes a reasonable time usually depends upon the circumstances of the particular case, such as the parties may be supposed in a general way to have contemplated when making the contract.

A requirement of the purchaser under a contract of sale that the shipment of the goods should be the "earliest possible" will be construed as meaning that the goods should be sent so soon as plaintiff could possibly send them and signifies more than that the goods should be sent within a reasonable time.

Where, in a contract for the sale and delivery of certain sewer pipe, the price was fixed at a discount from the regular price list, less freight, and, in an action to recover the price of pipes sent by a second shipment, the quantity and class of goods were undisputed, no list of prices was put in evidence nor testimony in relation thereto, the testimony of plaintiff's agent that he was entirely familiar with the class of goods in question, and that the lowest net price, according to the price list on the card sent to defendant, was $122.64, and the freight $21.60, is sufficient to

Supreme Court, Appellate Term, November, 1907.   [Vol. 56.

justify a judgment in favor of plaintiff for the difference with interest and costs.

Evidence considered and held not to support defendant's contention that a delay in sending the goods justified a cancellation by it of the contract.

APPEAL by the defendant from a judgment in favor of plaintiff, rendered in the Municipal Court of the city of New York, sixth district, borough of Manhattan.

Simpson, Thatcher & Bartlett (Arthur S. Hamlin, of counsel), for appellant.

George D. Beattys, for respondent.

GILDERSLEEVE, J.   Defendant wrote to plaintiff on October 25, 1906, requesting a quotation of prices on specified varieties of sewer pipe and a statement of the date of the " earliest possible delivery."   The plaintiff replied on October 27, 1906, that it could furnish the pipe " at 83% discount from list, allowing freight to destination," and that it had all the articles on hand, with one exception, *i. e.,* " the 12 x 12 x 12 V branch," and that it " could make immediate shipment on receipt of order."   The exception above mentioned was only one item out of some thirty-two items specified in defendant's letter of October twenty-fifth.   Thereafter and on November nineteenth, defendant sent an order for the goods specified, upon which order were also written the words: " Shipment: Earliest possible."   The order was accepted and part of the pipe was shipped on November 27, 1906, and defendant paid for the same.   The balance of the pipe, comprising the greater portion of the order and many items beside the exception above mentioned in plaintiff's letter of October twenty-seventh, was not shipped from plaintiff's factory until December 28, 1906, thirty-one days after the shipment of the first carload of goods and thirty-nine days after the giving of the order.   On account of this long delay defendant claims to have obtained the articles elsewhere and refused to accept the shipment from plaintiff or to pay for the pipe.   It notified plaintiff by telegram on December twenty-

sixth, two days before the pipe was sent from plaintiff's factory, that it would not accept delivery after such delay. This telegram, however, was signed by one Van Alstyne, withou prefixing the name of defendant; and plaintiff's agents claimed they did not know Van Alstyne was the representative of defendant. The plaintiff brought this action to recover the price of the pipe in the second shipment, and the court gave judgment in plaintiff's favor. Defendant appeals. When a specified date for delivery is mentioned in the contract, the goods must be delivered on that day, and in case of failure the purchaser may usually refuse to accept a subsequent tender; and, in ordinary cases of sales where no specific time for delivery is mentioned in the contract, delivery must be made within a reasonable time after the making of the contract. What constitutes a reasonable time usually depends upon the circumstances of the particular case, such as the parties may be supposed to have contemplated in a general way when making the contract. Eppens, Smith & Weimann Co. v. Littlejohn, 164 N. Y. 191. The requirement of defendant that the shipment of the goods should be the "earliest possible" must be construed as meaning that the goods should be sent as soon as plaintiff could possibly send them, and signified rather more than that the goods should be sent within a reasonable time. It was what may be called a "hurry order." Is there anything to indicate that it was in the contemplation of the parties, at the time of making the contract, that, unless the goods were sent before December 28, 1906, the defendant was to be at liberty to refuse acceptance; and was the delay of thirty-nine days an unreasonable one? We should be inclined to hold that defendant's request in the first instance for a statement of the time of the "earliest possible delivery," and plaintiff's reply that it had all the articles on hand with one exception, and that it "could make immediate delivery on receipt of order," together with defendant's request in the order itself that the shipment should be the "earliest possible," made it clear that it was contemplated by the parties in making the contract that all possible haste in delivery was to be an element of said contract, and that, in view of such understanding, a

delay of thirty-nine days was an unreasonable one, were it not for certain qualifying circumstances. On the letter head of the plaintiff's letter of October 27, 1906, conspicuously appeared the words: " Quotations are for prompt acceptance, shipments are subject to strikes, accidents, car supply and delays beyond our control." After waiting a few days to hear again from defendant, plaintiff sent a representative to defendant to urge defendant to give the order, and stated to defendant's representative that it was necessary for plaintiff to have the order at once if defendant wanted a quick delivery; that there was a car shortage that was increasing and that it would be difficult for defendant to get its goods as quickly as it might want them. After calling several times in vain, plaintiff's representative abandoned his efforts to secure the order. Defendant waited until November nineteenth before giving the order, with full notice that delay in giving the order might result in considerable delay in receiving the goods after the order had been given, and that plaintiff's quotations in its letter of October twenty-seven were " for prompt acceptance," and that " shipments were subject to strikes, accidents, car supply and delays beyond plaintiff's control." It will, therefore, be seen that defendant has been guilty of delay as well as plaintiff. That plaintiff, on receiving the order, nearly a month after its letter of October twenty-seventh, had ceased to have all the articles, with one exception, on hand, and that it could no longer make shipment immediately, is apparent from plaintiff's undenied inability to get the goods ready and ship the same. There is nothing to indicate that plaintiff had received any intimation that defendant intended to cancel the contract for the failure of plaintiff to make a prompt or immediate delivery, until the goods had actually been sent and tendered to defendant on or about December twenty-eighth, except the telegram of December twenty-sixth, signed by one Van Alstyne, who was unknown to plaintiff, and whom plaintiff was unable to connect with defendant, The American Locomotive Company. Under the circumstances indicated we are inclined to the opinion that the evidence does not support defendant's contention that the delay in sending

the goods justified a cancellation by defendant of the contract of purchase and sale.   The errors presented on rulings upon the evidence are not of such a serious character as to require a reversal.   The price of the goods was fixed in the contract at eighty-three per cent. discount from the regular list price, less freight to Dunkirk, less two per cent. if paid in fifteen days.   No list of prices was put in evidence, nor was any testimony given as to what the list price was, except the general statement of one Lowenthal, an agent of plaintiff, who said he was entirely familiar with the class of goods in question and that the lowest net price of the goods on the car sent to defendant was $122.64, and that the freight to Dunkirk was $21.60, making $101.04, for which sum with interest and costs judgment was given in favor of plaintiff. Although this witness had not actually seen the goods on the car, the quantity and class of those goods are undisputed; and his statement of the net price is evidently taken by making the contract deductions from the price list.   If his evidence was too indefinite to satisfy defendant's counsel, he could have gone into further detail on the cross-examination, but he did not see fit to do so.   While this evidence is open to criticism, we do not think, under all the circumstances of the case, that there was insufficient proof of the agreed price to sustain the finding of the court below in that regard.

Upon the whole case we are of opinion that the judgment should be affirmed, with costs.

LEVENTRITT and ERLANGER, JJ., concur.

Judgment affirmed, with costs.